FANENE SU'AFAIGA H. SCANLAN, IRIS F. LEOTA,
and FA'APATI LEOTA, Applicants

v.

FANENE FETAIAIGA KAVA, Objector

High Court of American Samoa
Land and Titles Division

LT No. 73-90

May 6, 1991

Before REES, Associate Justice, AFUOLA, Associate Judge, LOGOAI, Associate Judge.

Counsel: For Applicants, Tau'ese P.F. Sunia
For Objector, Utu Sinagege R.M.

On Motion for Summary Judgment:

Applicant Fanene Scanlan and objector Fanene Kava are both registered holders of the matai name Fanene in the village of Pago Pago. In *Fanene v. Fanene*, 4 A.S.R. 603 (1966), the Court held that there are two separate and unrelated Fanene families in the Village of Pago Pago, each entitled to its own matai. Fanene Scanlan is the successor in title to one of the parties to the 1966 case, and Fanene Kava is the successor in title to the other. In 1990 Fanene Scanlan signed a separation agreement for a building to be built by Iris and Fa'apati Leota on Fanene land called Lalopu'a. Fanene Kava objected to the separation agreement, and the dispute was referred to the Court.

Fanene Kava's objection to the separation agreement is grounded in her contention that the Fanene family is one family (not two as the 1966 Court held) and that the land Lalopu'a belongs to the entire family, not just to that part of it headed by Fanene Scanlan. She therefore appears to contend that a separation agreement for a structure on land Lalopu'a is invalid unless it is signed *both* by her and by Fanene Scanlan.

Fanene Scanlan moves for summary judgment on the ground that the issue raised by Fanene Kava has already been litigated and decided. In a more recent *Fanene v. Fanene* case, LT 1089-71, the Court reiterated its earlier decision that "Fanene Filo and Tauveve Fanene families are two separate, different and distinct families." It also found that "Lalopu'a is the communal land of the Fanene Filo family." It therefore held that the matai of the Fanene Filo family had the sole power to sign separation agreements on land Lalopu'a and dismissed an objection brought by Tauveve Fanene. *Id.*, Findings of Fact and Judgment (November 1, 1971).

Fanene Filo and Tauveve Fanene were the immediate predecessors in title of the present litigants, Fanene Scanlan and Fanene Kava. As it happens, both Scanlan and Kava were also named parties to the 1971 case. Both parties concede that the land involved in the present case is part of the same land Lalopu'a that was the subject of the 1971 case. Because the only issue raised by the objector is identical to the issue she and her predecessor raised in the 1971 case and because that issue was litigated and decided between the parties, there is nothing left for this Court to decide.

In her affidavit in opposition to the motion for summary judgment, Fanene Kava raises the possibility that a judgment for Fanene

Scanlan in the present case will allow him to evict her from a portion of Lalopu'a on which she claims to have resided for many years. That question is not before us. If it were, Fanene Scanlan would probably not be entitled to summary judgment; whether a particular matai has power to evict people living on Samoan communal land depends on a great many facts and circumstances, and the question of eviction seems not to have been decided in any of the numerous *Fanene v. Fanene* cases. The issue with which we are presented is whether a separation agreement on land Lalopu'a requires the approval of Fanene Scanlan, Fanene Kava, or both. On this issue Fanene Scanlan is entitled to summary judgment.

Judgment will enter dismissing the objection and directing the Registrar to record the separation agreement.

It is so ordered.